**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER N. DOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3510-SSA-CV-S-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant, through his mother, seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Child's Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq.* Claimant's application was filed in August 2002, and alleges disability from a variety of conditions beginning in January 1998. The parties' briefs were fully submitted, and on June 13, 2006, an oral argument was held.

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability. See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, a child must have a medically determinable physical or mental impairment, which results in marked and/or severe functional limitations, and which has lasted or will last for a continuous period of not less than twelve months or can be expected to result in death.

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

A three-step procedure is used to evaluate applications for children. The Commissioner considers (1) whether the child is working or involved in substantial gainful activity, (2) whether the child has a medically determinable severe impairment or combination of impairments, and (3) whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment in the listings. See 20 C.F.R. § 416.924.

The regulations contain a Listing of Impairments that applies to children. See Appendix 1 of subpart P of part 404 of 20 C.F.R. Ch. III. To be entitled to benefits, claimant's impairment(s) must cause a marked degree of disability in two areas of functioning or an extreme level of disability in one area. Based on claimant's age during the relevant period, six areas of functioning were evaluated and assessed. They were (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself, and (6) his health and physical well-being.

Claimant Christopher Doyle was born in 1995 and attends school. His mother asserts he is disabled due to attention deficit disorder, Tourette's syndrome, oppositional defiant disorder, obsessive compulsive disorder, depression, constipation, twisted cervical vertebrae and spinal misalignments. She states he is easily distracted, has trouble concentrating, has trouble interacting socially, requires a routine and has repeatedly talked about suicide. Instructions to him must be simplified and limited to one or two things at a time because he gets distracted from what he is doing or being told. She claims he has trouble at school, and that his teacher has developed a plan that assists him.

The Administrative Law Judge (ALJ) found Doyle had severe impairments which include Tourette's syndrome, oppositional defiant disorder, anxiety disorder and depressive disorder.[2] He did not find, however, that claimant's impairments met, equaled or functionally equaled the severity of the listings.

---

[2]The evidence did not document any problems from twisted cervical vertebrae and spinal misalignments.

2

Doyle claims the ALJ erred in the weight he gave to the opinion of Alicia Baum, Psy.D., in making credibility decisions, and in determining claimant's levels of functioning. He also claims the ALJ failed to adequately explain his reasons for making the determinations he did.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605.

In this case, the ALJ reviewed the medical and other evidence of record, summarized it, and addressed the areas required for his evaluation. He found that the assessment by Dr. Baum completed one week before the hearing was inconsistent with her treating notes and that it appeared to be based upon sympathy for the upcoming administrative hearing. He gave varying weight to the opinions of other treating and consulting physicians, based upon his reading of the medical records. Likewise, he appears to have partially discounted the testimony of claimant's mother as inconsistent with her reports to treaters or evaluators and their findings after examining the child.

The ALJ acknowledged that claimant had impairments and had limitations in some of the six areas identified above. He found, however, that those limitations were less than marked based upon the medical records and the reports of his teacher. He noted that Doyle appeared to respond well to his medications.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995). After careful consideration of the record, the court finds substantial evidence to support the ALJ's decision to discount claimant's assertions and to support the agency's decision.

The court notes there is also considerable evidence in the record which supports claimant's assertions of more serious limitations. This is not a case in which the evidence strongly supports a finding of disability or of nondisability. Doyle appears to have some

3

limitations and to require additional attention and direction both at home and at school. He also appears to be capable of learning, of interacting, maintaining some focus and concentration, and otherwise functioning. This court may not make a de novo determination, however, and must look at the record as a whole. In this case, that record contains substantial evidence to support the agency's decision and the decision must be affirmed.

For these reasons and those set forth more fully in the Commissioner's brief and at oral argument, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 6th day of July, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4